Mamie A. McKEE, Plaintiff-Appellee,

v.

The AETNA LIFE INSURANCE COMPANY, Defendant-Appellant.

No. 19761.

United States Court of Appeals,
Sixth Circuit.

March 26, 1970.

G. Wynn Smith, Jr., Memphis, Tenn., for defendant-appellant; G. Wynn Smith, Jr., Memphis, Tenn., on brief; Canada, Russell & Turner, Memphis, Tenn., of counsel.

Joe A. Moore, Memphis, Tenn., for plaintiff-appellee; Vern F. Chumney, Memphis, Tenn., Jack B. Sellers, Sapulpa, Okl., on brief; Joe A. Moore, Memphis, Tenn., of counsel.

Before CELEBREZZE and BROOKS, Circuit Judges and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from the United States District Court for the Western District of Tennessee. The case was tried before a jury which awarded $30,-000 in "accidental death benefits" to Mamie A. McKee (appellee-beneficiary) on a group policy written by Aetna Life Insurance Company (appellant-insurer). The policy covered employees, including Mrs. McKee's husband, of a joint venture working on air base construction in South Vietnam. The Appellant maintains that the Appellee was not entitled to such benefits because the insured's

loss "result[ed] from an * * * act of war."

■ The insurer has appealed two rulings of the District Court with regard to the admissibility of evidence of its only witness, a Lance Corporal. First, the insurer contends that the Lance Corporal should have been permitted to testify as to his opinions and beliefs based on hearsay information as to who the Viet Cong were, whether ostensibly peaceful protests which erupt into violence may have been part of a Viet Cong war plan and other matters of a general political, social and military affairs in and around the DaNang Military Installation, even though such testimony was not based on the personal observations of the Lance Corporal.

The insurer further contends that the Lance Corporal should have been permitted to testify as an expert and thus offer his expert opinion as to the military situation in and around the DaNang area.

The Trial Court refused to permit the Lance Corporal to introduce hearsay testimony or to offer his opinion as an expert. We do not believe that the Trial Court abused its discretion in so holding.

The insurer argues that allegedly hearsay evidence may be introduced to cure the admission of similar evidence which had been improperly admitted. 1 Wigmore on Evidence, Sec. 15. The Trial Court specifically instructed both parties that they may not ask their witnesses questions to elicit information about opinions based upon what other persons had told the witness, but that "I will not deprive you of asking him what he saw." The record reveals that the witnesses of the Appellee, for the most part, testified on direct examination as to facts within their own personal observation. Those few instances upon which they relied on the opinions of others were as to matters generally rumored and which the insurer ultimately stipulated as true. Therefore, there was no prejudicial testimony based upon hearsay introduced by the Appellee which would have "opened the door" and permitted the Appellant to introduce curative hearsay evidence. Also, in that the insurer was permitted the same latitude as the Appellee in asking its witness about any events or circumstances which they personally observed in South Vietnam, the admission of evidence by the Trial Court was evenhanded and did not constitute any abuse of the broad discretion given the trial judge in such matters.

■ Second, the insurer sought to introduce as expert opinion certain proofs as to the military, social and political climate of South Vietnam and the DaNang area. The expert whose opinions the insurer sought to introduce is conceded to be "no more or less expert than any other draftee who was taken into service" and given the normal courses of military indoctrination. This Court held in Bridger v. Union Railway Company, 355 F.2d 382 (6th Cir. 1966),

"To warrant or permit the use of expert testimony, two conditions must be met; first, the subject matter must be closely related to a particular profession, business or science and not within the common knowledge of the average layman; second, the witness must have such skill, experience or knowledge in that particular field as to make it appear that his opinion would rest on substantial foundation and would tend to aid the trier of fact in his search for truth." 355 F.2d at 387.

The Trial Court specifically found that the Lance Corporal offered by the insurer did not possess the requisite "skill, experience or knowledge" to testify as an expert and offer his expert opinions as to the status of military tactics and practices in South Vietnam. This trial ruling in no way prevented the defense from introducing as evidence any knowledge the Lance Corporal may have gleaned from his personal experience with the practices of war in Vietnam. The only effect of the ruling was to deny the insurer's witness the ability to make un-

qualified speculations or opinions about warfare practices he had never personally observed. We cannot say that in refusing to permit the Lance Corporal to testify as an expert witness, the Trial Court's action was "manifestly erroneous" and hence an abuse of discretion. Salem v. U. S. Lines Co., 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962). *See* Spring Co. v. Edgar, 99 U.S. 645, 658, 25 L.Ed. 487 (1878).

We find that there has been no reversible error in the admission or exclusion of evidence in the trial of this case. The judgment of the District Court is affirmed.